# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KARA KELLY,

          Appellant,

          v.

AMANDA MAYO, a single person;
SHANE DONOVAN MOORE-HAGGIN,
a single person; KARRIE J. DUTTON
and DONALD D. DUTTON, wife and
husband, and the marital community
composed thereof,

          Respondents.

No. 81764-7-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — Kelly brought a premises liability action against Mayo's landlord, based on injuries her daughter received from a dog bite by Mayo's dog on the leased premises. The trial court granted summary judgment for the landlord. We affirm.

## FACTS

Amanda Mayo leased a condo from Karrie Dutton beginning on July 2, 2015. Despite a pet prohibition in the lease, she adopted a dog several months later in December 2015. Dutton was aware that Mayo had adopted the dog. Representatives of the condominium community informed Dutton that the dog had displayed aggressive behavior towards another dog in the condominium community. On January 30, 2016, the dog attacked five year old C.K., while he was Mayo's social guest in the condo.

C.K.'s mother Kara Kelly brought suit against Mayo, Dutton, and Dutton's husband Donald Dutton, and Shane Moore-Haggin (corporately "Dutton"). She asserted, inter alia, a premises liability claim that the Duttons had a duty to warn those entering the premises of the danger posed by the dog.

Both sides moved for summary judgment. The trial court granted summary judgment for Dutton, finding that landlords are generally not responsible for animals on the leased premises, even if they know the animal may be dangerous.

Kelly appeals.

DISCUSSION

Kelly argues that the trial court erred in granting summary judgment dismissing her claim against Dutton. She argues the court should have granted summary judgment for her instead. The parties' primary dispute is whether landlords can be liable for a dog bite on their leased premises under a premises liability theory.

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We review summary judgment determinations de novo, engaging in the same inquiry as the trial court. Durland v. San Juan County, 182 Wn.2d 55, 69, 340 P.3d 191 (2014).

Dutton argues that landlords generally cannot be liable when a tenant's dog bites someone. Pointing primarily to Frobig v. Gordon, 124 Wn.2d 732, 735, 881 P.2d 226 (1994), they argue that it is "'settled law'" that "'only the owner, keeper,

or harborer'" of a dog is liable for the injuries the dog causes. (quoting Clemmons v. Fidler, 58 Wn. App. 21, 35-36, 791 P.2d 257 (1990)).

Kelly points to Oliver v. Cook, 194 Wn. App. 532, 544, 377 P.3d 265 (2016). There, this court allowed a premises liability claim by a tenant against their landlord for a dog bite the tenant sustained from a dog brought onto the leased premises by the landlord's invitee. Id. at 543-44. Kelly argues this case establishes a "separate analysis" from other theories of dog bite liability through which landlords can be held liable for their tenants' dangerous dogs.

Since the briefing in this case, our Supreme Court decided Saralegui Blanco v. Gonzales Sandoval, 197 Wn.2d 553, 485 P.3d 326 (2021). There, like here, a plaintiff argued that a landlord was liable for injuries caused by their tenant's dog under a premises liability theory. Id. at 554. Our Supreme Court rejected the claim, considering both Frobig and Oliver. Id. at 557-58, 564. It reasoned that premises liability attached only to a possessor of land, who generally must occupy and control the land. Id. at 559. Generally, in a landlord-tenant relationship, possession and control are transferred to tenants. Id. at 560. The court recognized that a claim could exist where a landlord retains control over a portion of the leased premises. Id. But, it specifically rejected the notion that landlord liability can be based on only knowledge and control through lease provisions. Id. at 560-61.

Kelly makes that very same argument. She argues that Dutton retained control over whether animals were kept on the premises based on the "no pets" clause in the lease. And, she argues that Dutton should have taken steps to

correct the situation once she was informed that the dog was potentially dangerous.

We follow the Saralegui Blanco court in declining to impose premises liability on Dutton based on knowledge and control through lease terms. Because Kelly cannot establish premises liability as a matter of law, dismissal of the claim against Dutton at summary judgment was proper.

We affirm.

_Appelwick, J._

WE CONCUR:

_Dwyer, J._          _Mann, C.J._

4